PER CURIAM.
We affirm appellant’s convictions in this case. Even assuming an improperly suggestive identification procedure, the totality of the circumstances demonstrates that there was no substantial likelihood of irreparable misidentification. See Neil v. Biggers, 409 U.S. 188, 199-200, 98 S.Ct. 375, 34 L.Ed.2d 401 (1972); Macias v. State, 673 So.2d 176, 181 (Fla. 4th DCA 1996).
Minutes after the carjacking, a police officer spotted the victim’s vehicle. Once the officer activated his blue lights, the vehicle accelerated to a high speed and began swerving from lane to lane. The officer saw the vehicle run a red light and rear end another car. Appellant exited from the driver’s side door and started to run, ignoring the officer’s commands to stop, until he was caught by a K-9 officer. The other carj acker was also caught at the scene.
The victim and witnesses identified appellant thirty minutes to an hour after the crime. See Blanco v. State, 452 So.2d 520, 524 (Fla.1984) (noting that an identification made shortly after the crime is inherently more reliable than a later identification in court); State v. Cromartie, 419 So.2d 757 (Fla. 1st DCA 1982). Witness Theresa Wade was in the parking lot at the time of the carjacking; she described the earjack-ers as young black males, one taller than the other. She especially noticed the “ugly” pants and sports team jacket worn by the taller of the two. At the show-up, Wade identified appellant as one of the carjackers from his clothing and build, not his face. The K-Mart security guard who testified at the suppression hearing said that he had seen the two suspects in the store a few days before the crime and had also observed them commit the carjacking; he was able to identify appellant by face at the show-up. A detective testified that both Wade and the security guard were positive about their identification at the show-up.
AFFIRMED.
KLEIN, GROSS and HAZOURI, JJ., concur.